IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CR-134-CVE |
| | ) | |
| JEFFREY ALLEN STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**
JAN 6 _ 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## PLEA AGREEMENT

The United States of America, by and through Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, and R. Trent Shores, Assistant United States Attorney, and the defendant, **JEFFREY ALLEN STEVENS**, in person and through counsel, William Widell, respectfully inform the Court that they have reached the following plea agreement.

1. **Plea**

The defendant agrees to enter voluntary conditional pleas of guilty to the following:

**COUNTS 1, 2, 3, 9 and 10: 18 U.S.C. § 875(c)**
**Interstate Communications With Intent to Injure**

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

Revised 10-21-15


Defendant's Initials

2. **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a. the right to be indicted if proceeding by Information;

b. the right to plead not guilty;

c. the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d. at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e. the defendant has the right to assist in the selection of the jury;

f. during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g. the defendant has the right to confront and cross-examine witnesses against the defendant;

h. if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i. if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j. if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

k. at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed

2

Revised 10-21-15

Defendant's Initials

to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3. Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

    a.    The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from contested sentencing issues and the District Court's order denying the defendant's Motion to Dismiss the Indictment;

    b.    The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

    c.    The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

_____
JEFFREY ALLEN STEVENS

4. **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

5. **Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure. In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

    a. A plea of guilty which is later withdrawn or which the defendant seeks to withdraw;

    b. Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

    c. Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn.



6. **Waiver of Right to Jury Trial on Sentencing Factors**

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

7. **Payment of Monetary Penalties**

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement. The defendant understands that, by law, interest accrues on any remaining balance of the debt.

**8.    Special Assessment**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

**9.    Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. § 875(c) are as follows:

a.    Defendant transmitted a communication in interstate or foreign commerce;

b.    The Communication contained a threat to injure the person of another;

c.    Defendant transmitted the communication for the purpose of issuing a threat or with knowledge that the communication will be viewed as a threat;

d.    Defendant's communication was one that a reasonable person in the circumstances would view as a threat.

A "true threat" is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of being injured or of another person being injured.

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, **JEFFREY ALLEN STEVENS**, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes

Revised 10-21-15

6

Defendant's Initials

alleged in Counts 1, 2, 3, 9, and 10 in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

I, JEFFREY A. STEVENS, admit that from September 19, 2016, through September 22, 2016, I used Internet Protocol address 208.103.77.58 to transmit threatening communications in interstate commerce from the State of Connecticut to the State of Oklahoma utilizing the Tulsa Police Department website's Citizen Complaint form. I threatened to injure law enforcement officers, a prosecutor, a judge, and their immediate families located in the Northern District of Oklahoma. I understood and intended that the recipients of my threats would interpret the threats as true threats. I hoped that by transmitting the threats I could impact the hiring practices within the Tulsa Police Department and the decision making processes within the Tulsa County justice system as it pertained to the case involving the shooting of Terence Crutcher. Specifically, I transmitted the following threats:

| DATE | TIME | I.P. ADDRESS | THREAT |
|---|---|---|---|
| 9/19/2016 | 6:18 p.m. | 208.103.77.58 | "The psychotic pile of shit who MURDERED the unarmed civilian who broke down is going to be executed, as are ALL psychotic shitbags you and other PDs hire across this Nation who murder unarmed civilians. They are all going to be killed." |
| 9/20/2016 | 1:02 p.m. | 208.103.77.58 | "This is the straw. The revolution starts now. The psycho cunt who never should have been given a badge, as well as all her cohorts who patted her on the back and said "Good Shoot" are going to be executed unless you put them behind bars on MURDER charges. Additionally, unless the Prosecuter & the Judge deny bail, they too will be executed. America is NOT a Police State in which any mental defective owning a badge can murder at will. It's time for America to make a stand and it will. Do the right thing or die. There are no other choices." |
| 9/20/2016 | 4:28 p.m. | 208.103.77.58 | "The Tulsa PD Chief is going to be killed. He |

| DATE | TIME | I.P. ADDRESS | THREAT |
|---|---|---|---|
| | | | is corrupt. Not only has he hired a staff full of psychotic, racist, murderous scum and refused to put a murderer behind bars, he has also presided over and created an extortion ring. He must be, and IS GOING TO BE killed. "Justice for All", right? You seriously thought you could get away with fucking people forever? Death is coming. Justice is coming." |
| 9/22/2016 | 9:25 a.m. | 208.103.77.58 | "The Tulsa PD had a documented history of planting drugs on travelers. This is something you already know. Way before this incident, a long list of corrupt shit in Tulsa who routinely victimize innocent people had already been complied. Now is the time that EVERYONE on that list is going to start being killed. Cops, Prosecutors, Judges, family members. Citizens are going to end it, along with your lives. As you know, whoever comes forward first gets immunity. In this case though, those who do not will not be prosecuted........they will be killed." |
| 9/22/2016 | 9:42 a.m. | 208.103.77.58 | "The basic right to Life, Liberty & the Pursuit of Happiness for Citizens is greater than the ego of psychotic, racist shit who were mistakenly given a badge & a gun. If killing every last one of you and your families.......your wives....your children is what it takes to drive that point home, so be it. You ARE NOT GODS." |
| 9/22/2016 | 10:01 a.m. | 208.103.77.58 | "Ron Palmer, who has developed a culture of corruption and victimizing innocent civilians, along with his family is going to be burned to death. Yeah, he'll be guarded for a while, and then thinking there wasn't any real threat, when you scum least expect it....he will be dead, along with his entire blood line. Then each of you who didn't speak up. Tell me, when you & your families are bleeding or burning to death, will you still believe it was |

| DATE | TIME | I.P. ADDRESS | THREAT |
|---|---|---|---|
| | | | worth it to fuck Americans?" |
| 9/22/2016 | 10:09 a.m. | 208.103.77.58 | "Is the filling of the pockets of corrupt, psychotic cops worth more than your freedom? Is it worth more than the lives of your children? It started out with just under 100 Enforcers going to Tulsa. It has grown to well over 1000. Cops are going to be killed. Anyone who covers up corruption is going to be killed" |
| 9/22/2016 | 10:15 a.m. | 208.103.77.58 | "Spill your guts to the Feds, even to questions they don't ask, or your kids will start dying. This ends now." |
| 9/22/2016 | 10:34 a.m. | 208.103.77.58 | "The last words your child will hear are the same words that will be burned into his or her corpse: "Your parent decided a $100 kickback for fucking an innocent civilian was worth more than you"." |
| 9/16/2016 | 4:37 p.m. | 208.103.77.58 | "You think this gets you off the hook? It was MURDER, not manslaughter. It was a execution. Betty is not going to get 3 years probation and a pension, she is getting a bullet through her brain. America needs to, and is finally going to make an example........and it won't stop with her. Every corrupt shit asshole cop who filed a report stating that Crutcher was reaching through his CLOSED window is also going to be killed." |

_____  
JEFFREY ALLEN STEVENS  
Defendant

1-6-2017  
Date

10. **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma or the District of Connecticut that, as of

Revised 10-21-15

9

Defendant's Initials

the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (i.e., violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement. Furthermore, the United States agrees to forego further prosecution in the above-referenced district in reference to threatening communications from defendant to various public officials and persons, as has been set forth in discovery provided to the defendant and referenced in the Government's Notice Pursuant to 404(b) (Dkt. #33).

11.   **Dismissal of Remaining Counts**

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter. In such event, the defendant hereby waives any objections, motions or defenses based upon

Revised 10-21-15

10

Defendant's Initials

the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. **Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the United States does not agree to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The United States does not agree to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

11

Revised 10-21-15

Defendant's Initials

## Sentence

a. **Imprisonment**

The defendant acknowledges that under 18 U.S.C. § 875(c) the ~~minimum mandatory statutory~~ MAXIMUM sentence is not more than five years imprisonment, and a fine of not more than $250,000.

b. **Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed three years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior

12

revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

c.   **Guidelines**

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory. The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a).

The sentence imposed in federal court is without parole. The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court.

If the sentencing Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.

The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound by the following stipulations, except as they relate to the conditional nature of the plea. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

13. **Stipulations**

The parties stipulate and agree that:

a. Defendant transmitted the communications for the purpose of issuing a threat or with knowledge that the communication will be viewed as a threat.

b. A reasonable person would have understood Defendant's communications as serious expressions of an intention to do harm.

c. This plea agreement binds the United States Attorney's Office in the District of Connecticut from pursuing additional charges against Defendant, as set forth in Paragraph 10 (Further Prosecution) of this agreement.

It is understood that neither the Court nor the United States Probation Office is bound as to any stipulations not related to the conditional nature of the plea. Further, the court is not bound as to questions of fact or as to determinations of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

14. **Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

15. **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party

has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

In the event that **JEFFREY ALLEN STEVENS**, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

16. **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

DANNY C. WILLIAMS, SR.
UNITED STATES ATTORNEY

_____    01-06-2017
R. TRENT SHORES                    Dated
Assistant United States Attorney

_____    1/6/2017
WILLIAM WIDELL                     Dated
Attorney for Defendant

_____    JAN 6-2017
JEFFREY ALLEN STEVENS              Dated
Defendant

Revised 10-21-15

17

Defendant's Initials: JLS

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____      Jan 6, 2017
JEFFREY ALLEN STEVENS                Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____      1/06/2017
WILLIAM WIDELL                     Dated
Counsel for the Defendant

Revised 10-21-15

18

JAS
Defendant's Initials

The defendant did not intend to issue a threat nor did he intend to follow through with the threats. However, the defendant issued the communication with the ~~understanding~~ knowledge that it would be viewed by a reasonable person as a threat. The defendant hoped and intended his communications would "get the attention" of local justice officials to "put a bee in their bonnett" and hopefully change public policy.

_T Storzes_       x _Jeff_
                    Defendant

_William Widell_
William Widell
Counsel for Defendant

EXHIBIT 1
FALCON-DALLAS, TX