IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) NO. 16-CR-134-CVE |
| | ) |
| JEFFREY ALLEN STEVENS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

**COMES NOW** Defendant Jeffrey Stevens, by and through his counsel of record, William P. Widell, and respectfully requests this Court consider variance from the sentencing guidelines' applicable range of punishment to a <u>sentence of probation</u> based upon consideration of nature and circumstances of the offense as well as the history and characteristics of Mr. Stevens pursuant to Title 18 U.S.C. §3553(a).

On January 6, 2017, pursuant to a written plea agreement, Mr. Stevens entered pleas of guilty to five (5) counts of Interstate Communications with Intent to Injure in violation of Title 18 U.S.C. §875(c).[1] The range of punishment for each such violation is not more than five (5) years imprisonment, a fine of not more than $250,000.00 and no more than three (3) years of supervised release. Based upon a total offense level of 23 and a criminal history category of I (0 criminal history points), the guideline range as calculated in the Pre-sentence

---

[1] Defendant entered pleas to counts 1, 2, 3, 9 and 10.

Report (PSR) is 46-57 months imprisonment (PSR ¶ 57). Defendant has filed an objection to the pre-sentence report (Dkt. # 48).

## DEFENDANT'S HISTORY AND CHARACTERISTICS

Mr. Stevens, like many people across the nation, was troubled by news reports regarding the death of Terrance Crutcher. Over a period of four days, Mr. Stevens sent a series of threatening email communications to a TPD Citizen Complaint page. The communications were intended to force TPD administration to make greater efforts in their hiring and supervision of officers in order to end, what Mr. Stevens perceived to be, an environment of widespread brutality and corruption. The emails were both violent and disturbing.

During their investigation, agents learned that Mr. Stevens has a history of sending threatening communications. However, he has no history of acting on those threats. When agents searched his home, they did not find any weapons or any indication that he intended to act on these threats. Agents conducted a forensic examination of his computer equipment and learned that he did not participate in any radical activities or associate with any individuals or groups sharing his views.

In mitigation and support of the requested sentence, Mr. Stevens offers the following for the consideration of the Court:

1. Defendant has never committed a violent act.
2. No one believes that Defendant intended to follow through on his threats.

3. Defendant was motivated to send the communications by a sincere, although misplaced, sense that some action was necessary to prevent further shootings.

4. Stevens' belief that the communications were necessary and appropriate, along with his sense that he has a personal responsibility to act, seem to border on a mental illness.

5. It surprised and disappointed all involved when Mr. Stevens' psychological evaluation failed to diagnose any mental health disorders.

6. Defendant's attempt to enter a *pro se* appearance and accompanying motions were further evidence of his difficulty functioning.

7. Defendant sent the above-mentioned documents out of a clear sense of frustration, a lack of judgment and an inability to cope with the stress of the situation.

8. It seems clear that Mr. Stevens has a mental health issue and, if it had been addressed with proper treatment, he would not have filed his pro se entry of appearance and motions or lost his acceptance points.

9. Defendant is currently treating with a mental health counselor and it has been recommended that he be tested for PTSD.

10. Since he has been on pre-trial release he has not sent any other threatening communications.

11. According to Probation, Stevens has been in compliance with all requirements of release.

12. Probation has conducted three home inspections without incident.

13. Inmates of the BOP would likely have less patience than the Court with Mr. Stevens and subject him to physical abuse.

14. According to a letter from his Diane Perillo, Mr. Stevens' partner for more than 20 years, "His transformation has been dramatic." It appears that the Court has finally gotten Mr. Stevens' attention.

15. Had Mr. Stevens agreed to accept the governments' first offer, they would have recommended a sentence of probation. Because Mr. Stevens refused to accept the offer prior to the motion hearing conference, the government refused to extend that recommendation. Since that time, the government has learned nothing more egregious about Mr. Stevens' conduct. The government is certainly within its power to withdraw an offer; however, a reasonable sentence prior to the motion hearing date was probation and no new information has come to light to change that.

16. Finally, Connecticut probation seems to have Mr. Stevens in control and under its supervision. As a result, a prison sentence is not necessary.

Respectfully submitted this 31st day of March, 2017.

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
Julia L. O'Connell, Federal Public Defender

>By: s/ William Patrick Widell
>William P. Widell, OBA #18313
>Assistant Federal Public Defender
>One West Third St., Ste. 1225
>Tulsa, Oklahoma 74103
>(918) 581-6917
>Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

>Trent Shores
>United States Attorney's Office
>110 W 7th St., Suite 300
>Tulsa, OK 74119

>s/ William P. Widell
>William P. Widell
>Assistant Federal Public Defender